**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA (Miami)**
www.flsb.uscourts.gov

In re:

YONLESDY BORGES,

        Debtor.
_____/

Case No.: 19-18606-AJC

Chapter 7

DADE COUNTY FEDERAL CREDIT UNION,

        Plaintiff,

vs.

YONLESDY BORGES,

        Defendant.
_____/

Adv. Pro. No.:

## ADVERSARY COMPLAINT

Plaintiff, DADE COUNTY FEDERAL CREDIT UNION (the "Plaintiff"), a creditor of the Debtor, YONLESDY BORGES (the "Defendant") in Bankruptcy Case No. 19-18606-AJC, by and through its undersigned counsel, files this Complaint against the Defendant to determine that the debt owed by Defendant to Plaintiff is nondischargeable pursuant to Sections 523(a)(2)(A) and 523(a)(2)(B) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and alleges as follows:

## NATURE OF THE ACTION

1. Defendant misrepresented his employment and monthly income in order to obtain a vehicle loan from Plaintiff for the purchase of a luxury vehicle before filing bankruptcy with no intention of repaying the vehicle loan in full. Additionally, contrary to vehicle loan application,

Defendant represented that the subject vehicle would be for his personal use. However, Defendant did not reveal that the subject vehicle would be in the primary care and control of a third-party. Such practice is commonly referred to as a "Straw Purchase" or "Straw Deal".

2.  As a result, Plaintiff seeks a determination that the debt owed by Defendant to Plaintiff is nondischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code for obtaining money under false pretenses, false representation, or actual fraud, and pursuant to Section 523(a)(2)(B) of the Bankruptcy Code for obtaining money through providing materially false financial information in writing.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (I) and (J).

4.  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

5.  Plaintiff, DADE COUNTY FEDERAL CREDIT UNION, is a creditor of the Defendant.

6.  YONLESDY BORGES is the Debtor/Defendant herein pursuant to the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Florida ("this Court"), on June 28, 2019 (the "Chapter 13 Bankruptcy"), and is an individual who resides in Miami-Dade County, Florida, and is *sui juris*.

## STATEMENT OF FACTS

7.  On November 27, 2018, Defendant executed and delivered to Ocean Mazda, located

at 9675 NW 12th Street, Doral, FL 33172 (the "Dealership") a *Deelertrack, Inc.* Credit Application (the "Dealership Application"), an Insurance Verification form, and a *Retail Installment Sales Contract - Simple Finance Charge (With Arbitration Provision)* in the principal amount of $69,305.31 (the "Note") (the Dealership Application, Insurance Verification, and Note are hereinafter collectively referred to as the "Vehicle Loan"), which Vehicle Loan was assigned to Plaintiff without recourse. Said Vehicle Loan provided for a purchase money security interest in a 2017 Maserati Levanti VIN: ZN661YUL9HX199934 (the "2017 Maserati"). In connection with the Vehicle Loan, Defendant listed his primary employer as YONYBC CORP where he worked as President and earned a monthly income of $10,000.00. Defendant also listed that he worked as a self-employed barber. Additionally, Defendant represented that the 2017 Maserati would be for his personal use. True and correct copies of the Vehicle Loan and an updated payoff are attached hereto as **Composite Exhibit "A"**, and are incorporated herein by reference.

8. On or about August 21, 2018, a date approximately three (3) months prior to taking out the Vehicle Loan, Defendant registered YONYBC CORP as a Florida Profit Corporation with the Florida Division of Corporations (the "Corporation"). Defendant, YONLESDY BORGES was listed as the President, Vice President, and Registered Agent of said Corporation. True and correct copies of a Sunbiz Florida Department of State - Division of Corporation records search and the Articles for Incorporation are attached hereto as **Composite Exhibit "B"**, and are incorporated herein by reference.

9. On or about February 21, 2019, a date approximately three (3) months after Defendant took out the Vehicle Loan, Defendant voluntarily dissolved the Corporation. The Corporation's Articles of Dissolution were recorded on February 28, 2020. A true and correct copy

of the Articles of Dissolution are attached hereto as **Exhibit "C"**, and are incorporated herein by reference.

10. On February 25, 2019, March 12, 2019, and March 26, 2019, Defendant contacted Plaintiff and verbally authorized three (3) telephonic payments via bank wire transfer in the amounts of $6,008.00 (Check No. 0205), $10,008.00 (Check No. 0311), and $5,008.00 (Check No. 999), respectively. Each telephonic payment included an eight dollar ($8.00) processing fee which Defendant authorized in connection with each payment. Shortly thereafter, all three (3) telephonic payments were returned: (1) on March 28, 2019, the telephonic payment in the amount of $10,008.00 (Check No. 0311) was denied and returned as "Refer to Maker"; (2) on March 29, 2019, the telephonic payment in the amount of $5,008.00 (Check No. 999) was denied and returned as "Altered/Fictitious-Stolen/Forged"; and (3) on April 10, 2019, the telephonic payment in the amount of $6,008.00 (Check No. 0205) was denied and returned as "Breach of Warranty" (the aforementioned telephonic payments are hereinafter collectively referred to as the "Returned Payments"). True and correct copies of the Returned Payments are attached hereto as **Composite Exhibit "D"**, and are incorporated herein by reference.

11. On June 28, 2019 (the "Petition Date"), Defendant filed a voluntary petition with this Court under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Petition") (*see* In re: Yonlesdey Borges, Case No. 19-18606-AJC).

12. Schedule I of Defendant's Bankruptcy Petition lists that Debtor works as a self-employed barber and that his sole monthly net income is $2,333.33 plus $460.00 per month in food stamps [Doc 1, pgs. 37-38].

13. Schedules D of Defendant's Bankruptcy Petition list Plaintiff as a creditor who has

a claim in the amount of $62,874.00 for the subject Vehicle Loan, and which claim is secured by the 2017 Maserati [Doc 1, pg. 19]. Additionally, Schedule D of Defendant's Bankruptcy Petition lists another unrelated creditor who also has a claim in the amount of $25,978.00, and which claim is secured by a similar vehicle, a 2016 Maserati Ghibli VIN: ZAM57XSA3G1170868 (the "2016 Maserati") [Doc 1, pg. 19]. Plaintiff learned that the 2016 Maserati was also purchased around the same time and at the same Dealership that Defendant purchased the subject 2017 Maserati (both the 2017 Maserati financed by Plaintiff and the 2016 Maserati financed by the unrelated creditor are sometimes hereinafter collectively referred to as "the Maseratis").

14. The current balance due and owing by Defendant to Plaintiff the Vehicle Loan is $68,638.07 in past-due principal and interest, plus interest accrued thereon, plus court costs and reasonable attorney's fees (the "Indebtedness").

15. On July 31, 2019, Chapter 7 Trustee, Ross R. Hartog conducted the 341 Meeting of Creditors, which meeting was subsequently continued to August 28, 2019. Counsel for Plaintiff and the Credit Assistant Manager for Plaintiff attended the 341 Meeting of Creditors on July 31, 2020. At said meeting, Counsel for Plaintiff questioned Defendant regarding various topics, including but not limited to, the Vehicle Loan, both of the Maseratis, Defendant's Bankruptcy Petition and Schedules, Defendant's income listed on the executed Vehicle Loan documents, the Returned Check, etc. A true and correct copy of the 341 Meeting of Creditors transcript is filed separately in this Adversary Proceeding and is incorporated herein by reference (the "341 Transcript").

16. At the 341 Meeting of Creditors, Defendant admitted that he did not purchase either of the Maseratis for his own use, that he never drove or intended to drive either of the Maseratis, and that he never made any payments on either Maseratis. Defendant admitted that the he lent his credit

to a third party by the name of "Jose Rodriguez" ("Mr. Rodriguez"), that Mr. Rodriguez and Mr. Rodriguez's wife were the individuals in primary care and control of both Maseratis, and that Mr. Rodriguez agreed to make the payments on both of the Maserati vehicle loans.  Defendant alleged that he did not prepare the Vehicle Loan paperwork for either Maseratis, that he only went to the Dealership to present his credit and sign the Vehicle Loan Documents, and that he was unaware of the Returned Checks with respect to the 2017 Maserati (*See* 341 Transcript, pages 6-16).

17. On September 23, 2019, Plaintiff's Counsel conducted a 2004 Examination Duces Tecum of the Defendant (the "2004 Examination").  Defendant produced various documents at the 2004 Examination, including but not limited to his bank statements, his 2018 Federal Income Tax Return, etc.  At the 2004 Examination, Counsel for Plaintiff further questioned Defendant regarding various topics, including but not limited to, the Vehicle Loan, both of the Maseratis, Defendant's Petition and Schedules, Defendant's monthly income as listed in executed Vehicle Loan documents and in his 2018 Federal Income Tax Returns, etc.  A true and correct copy of 2004 Examination transcript is filed separately in this Adversary Proceeding and is incorporated herein by reference (the "2004 Examination Transcript").

18. At the 2004 Examination, Defendant admitted that he never made $10,000.00 in any single month contrary to the information contained in the Vehicle Loan documents.  Defendant once again admitted that he did not purchase either of the Maseratis for his own use, that he never drove or intended to drive either of the Maseratis, that he never made any payments on either Maserati, and that he only lent his credit to Mr. Rodriguez.  When presented with copies of the signed and executed Vehicle Loan documents, Defendant now alleged that he did not sign the Dealership Application or the Note and that he only signed "some paperwork" at the Dealership.  Defendant

further admitted the 2017 Maserati was in his name, that he understood Plaintiff was relying on him to make the payments on the Vehicle Loan for the 2017 Maserati, and that he understood Plaintiff believed he would be using the 2017 Maserati for his personal use. Finally, Debtor alleged that he has not spoken to Mr. Rodriguez for nearly 6 months prior to filing Bankruptcy and that he has been unable to contact or locate Mr. Rodriguez (*See* 2004 Examination Transcript, pages 5-12).

### COUNT I - 11 U.S.C. § 523(a)(2)(A)

Plaintiff realleges and incorporates herein each and every allegation contained in Paragraphs 1 through 18 above, as though fully set forth.

19. This is an action brought under Section 523(a)(2)(A) of the Bankruptcy Code for obtaining money through false pretenses, false representations, or actual fraud.

20. On November 27, 2018, Defendant applied for and took out a Vehicle Loan from Plaintiff in the amount $69,305.31 to purchase a 2017 Masariti, of which he received a direct and immediate benefit (the Vehicle Loan), and which Vehicle Loan was obtained by false pretenses, false representation, or actual fraud within the meaning of Section 523(a)(2)(A).

21. At the time Defendant applied for the Vehicle Loan and at the time the Vehicle Loan proceeds were tendered to the Dealership for Defendant's purchase of the 2017 Maserati, Defendant misrepresented to Plaintiff that the 2017 Maserati would be for his personal use and that he intended to, and had the ability to repay the Vehicle Loan in full.

22. Defendant made the misrepresentations to Plaintiff so that Plaintiff would finance Defendant's purchase of the 2017 Maserati and tender the Vehicle Loan proceeds to the Dealership.

23. Defendant knew that Plaintiff's understanding of the transaction was that Defendant would be using the 2017 Maserati for his personal use and that he would be repaying the Vehicle

Case 20-01084-AJC    Doc 1    Filed 02/26/20    Page 8 of 11

*In re: Yonlesdy Borges; Adversary Complaint  / Page 8*

Loan in full.

24. Plaintiff reasonably and justifiably relied on Defendant's misrepresentations by financing Defendant's purchase of the 2017 Maserati and tendering the Vehicle Loan proceeds to the Dealership without any knowledge of Defendant's imminent dissolution of the Corporation and Defendant's imminent Chapter 7 Bankruptcy filing.  Had Plaintiff been aware of same, Plaintiff would not have approved the Vehicle Loan or tender the Vehicle Loan proceeds to the Dealership.

25. Furthermore, at the time these misrepresentations were made, Defendant knew that his representations that he would use the 2017 Maserati for his personal use and that he intended, and had the ability to repay the Vehicle Loan in full, as was Plaintiff's understanding, were false.

26. Plaintiff financed Defendant's purchase of the 2017 Maserati and tendered the Vehicle Loan proceeds to the Dealership as a result of Defendant's misrepresentations, when in fact Defendant did not intend use the 2017 Maserati for his personal use nor did her intend to or have the ability to repay the Vehicle Loan.

27. Defendant knew or should have known that his dissolution of the Corporation and his filing of the Chapter 7 Bankruptcy were imminent, and he failed to inform Plaintiff that he would be doing same within approximately six (6) month's time.

28. Plaintiff suffered a loss as a result of Defendant's misrepresentations inasmuch as Defendant failed to make the payments and seeks to discharge the Vehicle Loan.

29. Section 523(a) of the Bankruptcy Code provides that a debtor will not be discharged from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by...false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

SAPURSTEIN & BLOCH, P.A.
9700 SOUTH DIXIE HIGHWAY, SUITE 1000, MIAMI, FLORIDA 33156

30. Based upon the foregoing facts, the Defendant's actions constitute obtaining money through false pretenses, false representations, or actual fraud, and the Indebtedness owed to Plaintiff by Defendant is nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A).

31. Plaintiff has retained the undersigned counsel in connection with this action and is obligated to pay them a reasonable fee for their services rendered herein.

**WHEREFORE**, Plaintiff, DADE COUNTY FEDERAL CREDIT UNION, prays:

a. The Court enter a Judgment determining that the Indebtedness held by Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representations, or actual fraud;

b. The Court award Plaintiff its Court costs and reasonable attorney's fees; and

c. Such other and further relief as this Court may deem just and proper.

### COUNT II - 11 U.S.C. §523(a)(2)(B)

Plaintiff realleges and reincorporates herein each and every allegation contained in Paragraphs 1 through 18 above, as though fully set forth.

32. This is an action brought under Section 523(a)(2)(B) of the Bankruptcy Code for obtaining money through providing materially false financial information in writing.

33. Defendant's Dealership Application listed that he was employed as President for the Corporation and earned an income of $10,000.00 per month.

34. Defendant's employment as President for the Corporation and the monthly employment income figure of $10,000.00 were materially false written statements regarding the Defendant's financial condition.

35. Plaintiff reasonably and justifiably relied on these false written statements that Defendant included in his Vehicle Loan Application.

36. Defendant intended to deceive Plaintiff through his use of the written incorrect monthly employment income figure and employment as President for the Corporation in order to appear more credit-worthy and to induce Plaintiff to approve his Vehicle Loan Application, finance Defendant's purchase of the 2017 Maserati, and to tender the Vehicle Loan proceeds to the Dealership.

37. Section 523 (a)(2)(B) of the Bankruptcy Code provides that a debtor will not be discharged from any debt to the extent obtained by use of a statement in writing that is materially false; respecting the debtor's financial condition; on which the creditor to whom the debtor is liable for such debt reasonably relied on; and that the debtor caused to be made or published with intent to deceive.

38. Based upon the foregoing facts, the Defendant's actions constitute obtaining money by use of a false written statement, and the Indebtedness owed to Plaintiff by Defendant is nondischargeable pursuant to 11 U.S.C. Section 523 (a)(2)(B).

**WHEREFORE**, Plaintiff, DADE COUNTY FEDERAL CREDIT UNION, prays:

a. The Court enter a Judgment determining that the Indebtedness held by Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2)(B) for use of false written statements;

b. The Court award Plaintiff its Court costs and reasonable attorney's fees; and

c. Such other and further relief as this Court may deem just and proper.

**DATED** this 26th day of February, 2020.

*In re: Yonlesdy Borges; Adversary Complaint / Page 11*

     **I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

     /s/ David R. Castellucci
     DAVID R. CASTELLUCCI, ESQ.
     FBN: 116144
     Sapurstein & Bloch, P.A.
     *Attorneys for Dade County Federal Credit Union*
     9700 South Dixie Highway, Suite 1000
     Miami, FL  33156
     Telephone:  (305) 670-9500
     Primary: dcastellucci@sblawfirmfl.com
     Secondary: general@sblawfirmfl.com

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of Dade County Federal Credit Union's Adversary Complaint was furnished by electronic means via CM/ECF and/or U.S. mail on the 26th day of February, 2020, to the interested parties listed below.

     /s/ David R. Castellucci
     DAVID R. CASTELLUCCI, ESQ.

**SERVICE LIST:**

**Yonlesdy Borges**, *Debtor*,
    22680 SW 108 Place, Miami, FL 33170
**Timothy S. Kingcade, Esq.,** *Attorney for Debtor*s, scanner@miamibankruptcy.com,
    1370 Coral Way, Miami, FL 33145
**Ross R. Hartog**, *Trustee*, rhartog@mrthlaw.com,
    101 NE Third Avenue, Suite 1210, Fort Lauderdale, FL 33301
**Office of the U.S. Trustee**, *U.S. Trustee*, USTPRegion21.ecf@usdoj.gov,
    51 S.W. 1st Ave., Suite 1204, Fort Lauderdale, FL 33130

N:\DOC\DADE COUNTY FED. C.U\728-VS. BORGES, YONLESDY CHAPTER 7 BANKRUPTCY 7\Adversary Proceeding\728 - adversary.comp.wpd